UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| TODD BONDS,<br>Plaintiff, | Case No. 1:19-cv-1059<br>Barrett, J.<br>Litkovitz, M.J. |
| vs. | |
| JACK CASINO, et al.,<br>Defendants. | **REPORT AND<br>RECOMMENDATION** |

Plaintiff, a resident of Cincinnati, Ohio, brings this pro se civil action against Jack Casino and Kelli Doe, a food and beverage supervisor at Jack Casino. By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action

has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin,* 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke,* 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). A complaint filed by a pro se plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)); *see also Hill,* 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly,* 550 U.S. at 555 (quoting *Papasan v. Allain,* 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a

formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

The pro se complaint states that plaintiff is publicly known as "Fame Rothstein," a sports handicapper who runs a podcast called the "Fame Rothstein Sports Investing Show." (*Id.*). Plaintiff alleges that on July 29, 2019, he was served undercooked pancakes at Jack Casino. He alleges that as a result, he suffered painful and persistent diarrhea and nausea. He alleges he was treated at the hospital, but Jack Casino refuses to pay for plaintiff's medical bill.

The complaint also alleges that on November 12, 2019, plaintiff ordered hot tea while patronizing Jack Casino. Plaintiff sipped the tea and noticed a "booger" on the outside of the tea cup. He complained to Kelli Doe, who stated the substance on the cup was part of a lemon. She wiped the substance with a towel and threw it away, despite plaintiff's request that she preserve the substance for lab analysis. Plaintiff alleges that following the incident, he noticed a white security guard staring at him. The security guard later asked plaintiff to leave the casino because plaintiff was not drinking or gaming. Plaintiff alleges he advised the guard he was going to play as soon as he regained his strength "after the booger incident," but the guard nevertheless escorted plaintiff out of the casino and told him to come back in 24 hours.

Plaintiff alleges that one week prior to this incident, he "was skipped over for service by a white female bartender with red-hair, while she chose to serve three white men first whom Plaintiff was in clearly before these men." (Doc. 1-1 at 8). Plaintiff, who is black, complained to Kelli Doe, who offered him a free lunch/dinner.

3

Plaintiff returned to Jack Casino Thanksgiving morning. The same security guard stood near plaintiff and observed him. Plaintiff felt uncomfortable and left the casino. Plaintiff alleges this was harassment which has inhibited plaintiff from returning to Jack Casino and has caused damage to plaintiff's "sports investing business." Plaintiff alleges he "cannot use face-to-face contact with his own patrons or to secure patrons and subscriptions to Plaintiff's podcast as he is so freely able to do in Indiana." (Doc. 1-1 at 6). Plaintiff states:

> While sports wagering is not legal in Ohio as of this filing, it is widely known that the legislature has several bills proposed and Ohio is expected to become legal at some point in 2020. However, with the behavior of the casino and its employees, Plaintiff has lost money and continues to lose money as he cannot canvas in the downtown Cincinnati Casino, due to the harassment, intimidation, retaliation and other illegal treatment from the Casino and its employees.

(Doc. 1-1 at 6).

The complaint alleges claims for attempted murder, violation of the Anti-Tampering Act, 18 U.S.C. § 1365, spoliation of evidence, discrimination in a public place of accommodation, retaliation, harassment, and intimidation. (Doc. 1-1, Complaint). As relief, plaintiff seeks monetary and injunctive relief.

Plaintiff's allegations are insufficient to state a claim with an arguable basis in law over which this federal Court has subject matter jurisdiction.

Plaintiff may not bring claims for attempted murder or a violation of the Anti-Tampering Act, 18 U.S.C. § 1365, as criminal actions in the federal courts are initiated by the United States Attorney. 28 U.S.C. § 547; Fed. R. Crim. P. 7(c). The claims plaintiff seeks to bring allege criminal, rather than civil, offenses for which plaintiff has no private cause of action. *Hamilton v. Reed*, 29 F. App'x 202, 204 (6th Cir. 2002) (citing *Morganroth & Morganroth v. DeLorean*, 123 F.3d 374, 386 (6th Cir. 1997)). *See also Chan v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, No. 05CV4196, 2006 WL 1210540, at *3 (D.N.J. May 3, 2006) (no private federal cause of

4

action for violation of federal "anti-tempering" statute). Therefore, these claims should be dismissed.

Plaintiff's complaint fails to state a claim for discriminatory retaliation, harassment, or intimidation under 42 U.S.C. § 1983. In order to maintain an action under 42 U.S.C. § 1983, plaintiff must allege that a person acting under color of state law deprived him of some right secured by the Constitution or laws of the United States. *Graham v. National Collegiate Athletic Ass'n*, 804 F.2d 953, 957 (6th Cir. 1986) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986)). Assuming, arguendo, that plaintiff seeks to bring an equal protection claim based on discriminatory retaliation, harassment, or intimidation, his claim cannot proceed because there is no state action as required under § 1983. As explained by one court in a similar case:

> One possible statute, 42 U.S.C. § 1983, provides a cause of action for denial of equal protection under the Fourteenth Amendment against state government officials. *Parratt v. Taylor,* 451 U.S. 527, 535 (1981). The Casino is a private party, not a government entity. A private party may be held liable under § 1983 only when the party "acted together with . . . obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937 (1982). A Defendant may also be considered a state actor if the Defendant exercises powers traditionally reserved to a state. *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 352 (1974). There are no facts in the Complaint to suggest that in this case, the Casino could be sued as a government entity under § 1983.

*Moore v. Horseshoe Casino*, No. 1:15 CV 471, 2015 WL 4743804, at *2 (N.D. Ohio Aug. 11, 2015). Likewise, plaintiff in this case has failed to allege conduct that could plausibly be characterized as state action. Therefore, these claims should be dismissed.

Plaintiff also alleges he suffered discrimination in a place of public accommodation. (Doc. 1-1 at 8). To the extent plaintiff seeks to bring a claim under 42 U.S.C. § 1981, which prohibits intentional racial discrimination by both public and private actors in the context of contractual relationships, the complaint fails to state a claim for relief. To state a claim for relief

5

under § 1981 in the non-employment context, plaintiff must allege facts showing that: (1) he belongs to a protected class of persons who are subject to discrimination on the basis of their race; (2) he sought to make or enforce a contract for services ordinarily provided by the defendant; and (3) he was "denied the right to enter into or enjoy the benefits or privileges of the contractual relationship" in that (a) he "was deprived of services while similarly situated persons outside the protected class were not" or (b) he was treated in a "markedly hostile manner" and in a manner that a reasonable person would find "objectively discriminatory." *Christian v. Wal–Mart Stores, Inc.*, 252 F.3d 862, 867-68 (6th Cir. 2001). Assuming, arguendo, that the first two elements of a § 1981 claim are met, plaintiff has not stated a claim for relief under § 1981. Plaintiff fails to allege facts which, if accepted as true, could establish the third element. Plaintiff alleges that a week prior to the tea incident, a white female bartender served three white men before she served plaintiff. (Doc. 1-1 at 8). Plaintiff does not claim he was refused service. Further, absent allegations of any additional circumstances surrounding the transaction, the order in which the bartender at Jack Casino served patrons of different races at a bar on one occasion is insufficient to support a finding that the bartender treated any patron in a "markedly hostile manner" that a reasonable person would find "objectively unreasonable." Plaintiff's contention that the bartender "skipped over" him before serving the white patrons does not lead to a different result. Plaintiff has not alleged any *objective* facts to permit a reasonable individual to find that the bartender's actions in serving plaintiff and the other patrons at the bar in the order alleged showed markedly hostility toward plaintiff or were "objectively discriminatory." A reasonable person could not infer based on the facts alleged that race was the reason plaintiff was not served before the other patrons.

Finally, to the extent plaintiff brings a state law claim for spoliation of evidence, this Court lacks jurisdiction over the claim because there is no diversity of citizenship between plaintiff and defendants. *See* 28 U.S.C. § 1332(a); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). In addition, because plaintiff's federal law claims should be dismissed, the Court would no longer have original jurisdiction and should decline to exercise supplemental jurisdiction over the supplemental state law claim. *See* 28 U.S.C. § 1367(c)(3). Accordingly, plaintiff's state law claim should be dismissed without prejudice.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's federal law claims be dismissed with prejudice.

2. The Court decline to exercise supplemental jurisdiction over plaintiff's state law claims and dismiss the state law claims without prejudice to refiling in state court.

3. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

Date: 12/18/19

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TODD BONDS,
Plaintiff,

vs.

JACK CASINO, et al.,
Defendants.

Case No. 1:19-cv-1059
Barrett, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).